# SCHUSTER AGUILÓ LLP
counsellors at law

**SEALED**

Mariela Rexach-Rexach
Direct Dial (787) 250-4909
mrexach@salawpr.com
9999-9999

August 17, 2010

**BY HAND**
Honorable Chief Judge José A. Fusté
United States District Court
for the District of Puerto Rico
Clerk's Office
Federico Degetau Federal Building, Room 150
150 Carlos Chardón Street
San Juan, Puerto Rico 00918-1767

10-MC-267/268
(JAF)

Re: Complaint of Attorney Misconduct as to attorneys William E. Meléndez Menéndez and Miguel A. Cuadros Pesquera
Civil Nos. 09-1151 (JP) & 09-2199(FAB);
Bankruptcy Nos. 09-10864-BKT7 & 10-00137-BKT.

Dear Honorable Chief Judge Fusté:

I feel compelled to write to you regarding conduct on the part of attorneys William E. Meléndez Menéndez (USDC-PR No. 226902) and Miguel A. Cuadros Pesquera (USDC-PR No.114814) which I strongly believe runs contrary to this Court's standards of professional conduct and are an affront to the integrity of the Court. I have been a proud member of this Court's bar since 1998 and served as judicial clerk to the Honorable Judge Pérez-Giménez before entering private practice. During this time period I have appeared in over fifty cases (many of them contentious), yet I have never come upon the kind of conduct these two attorneys have displayed in their prosecution of the various cases they have filed on behalf of their client, Vicky Rodríguez, before this Court and the Puerto Rico Bankruptcy Court. Below, I include what is only meant to be a summary of events that have transpired during over one year of litigation.

I am the attorney of record for the Puerto Rico Government Development Bank and several individual defendants in the case of <u>Vicky Rodríguez, et al v. GDB, et al.</u>, Civil No. 09-1151 (JP) (hereinafter "<u>Rodríguez I</u>"). As the case's docket reveals, during the course of defending against this case, both my client, as defendant, and myself, as counsel, have been forced to deal with frivolous arguments, bad faith, misrepresentation, non-compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court, overbroad and vexatious discovery requests, evasive discovery responses, concealment of relevant discovery, improper use of the subpoena power, not to mention repeated and unfounded and vexatious accusations against the undersigned's ethics. The manner in which Mr. Meléndez and Mr. Cuadros sought to prosecute the referenced case resulted in improper

August 17, 2010
Page 2

multiplication of proceedings which included a frivolous interlocutory appeals and a petition for mandamus to the United States Court of Appeals for the First Circuit (all of which were ultimately dismissed). See Appeal Nos. 09-2442 & 10-1065. The GDB was also forced to file multiple motions to compel and for protective order, which were all granted by the Court. See Rodríguez I, Dkt. Nos. 101, 102, 125, 154, 161, 173, 178, 190, 200, 207, 215, 218, 223, 226, 227, 230 and 249. The fact that the GDB prevailed in the end does not save the substantial litigation costs incurred in the process.

On February 23, 2010, Rodríguez I was dismissed on summary judgment, see Dkt. Nos. 266 -267, and, thereafter, on April 12, 2010, at defendant's request, attorneys fees in the amount of $41,416.25 were imposed on plaintiffs as sanctions for the frivolous and vexatious conduct of their case. See Exhibit 1. Plaintiff's filed a notice of appeal of the summary dismissal and requested reconsideration of the award of attorney fees. See Appeal No. 10-1441; Rodríguez I at Dkt. No. 281. Thereafter, before the District Court had an opportunity to decide the motion for reconsideration, counsel for plaintiff filed notices of appeal on behalf of plaintiff and themselves in connection to the award of attorneys fees. See Appeal Nos. 10-1709 & 10-1713. As is further detailed below, the appeal of the final judgment has been stayed by the Court of Appeals. The appeal of the order for attorneys fees has also been stayed pending the District Court's resolution of the Rule 59(e) motion. More importantly, the amounts owed in attorneys fees have not yet been paid to the GDB nor any kind of security for the same posted with the Court.[1]

During the pendency of Rodríguez I, the plaintiff was terminated from her employment due to the unauthorized photocopying and extraction of hundreds of documents containing confidential information belonging to the Bank and its clients. On November 25, 2009, attorneys Meléndez and Cuadros filed a second lawsuit for retaliatory termination against the GDB and the Director of Human Resources, on behalf of the same plaintiff: Vicky Rodríguez et al v. GDB, et al., 09-2199 (FAB) (hereinafter "Rodríguez II").[2] Before the GDB had the opportunity to respond, they filed, on behalf of their client, a motion requesting a preliminary injunction which was summarily denied by the Court. This denial generated a third interlocutory appeal which was also ultimately denied by the United States Court of Appeals for the First Circuit because plaintiff's request for a preliminary injunction was "inadequate in [its] face". See Exhibit 2. As was the case in Rodríguez I, Mr. Meléndez's and Mr. Cuadros' manner of prosecution continued to be uncooperative and vexatious to the point of personally insulting the undersigned in one of their filings before the Court. See Exhibit 3 at ¶¶ 90, 97, 100, 101 & 106. To this effect, a motion to strike particular portions of plaintiff's Case Management Memorandum was filed and granted by the Court and plaintiff's counsel were admonished for the statements included in their motion during the celebration of the Case Management Conference. See Rodríguez II at Docket Nos. 36 & 38; Exhibit 4.

---

[1] Notably, execution proceedings have not been stayed by the District Court under Rule 62 or otherwise.

[2] They also began parallel administrative proceedings to review the termination decision, as provided by the Bank's Regulations. Counsel have also been representing Rodríguez in her administrative claim for employment benefits. Notwithstanding the fact that Mr. Meléndez is not admitted to practice in Puerto Rico, he has been present in all these proceedings and during one of the unemployment hearings had the impudence to attempt participate as an attorney for plaintiff. Upon our objection, he was disallowed from doing so, but not before he and Mr. Cuadros questioned the legal basis of our objection.



August 17, 2010
Page 3

    Our efforts at resolving discovery disputes, as required by Local Rule 26(b) and ordered by the Court, were met with arrogance and contempt. See Rodríguez II at Docket Nos. 31, 49 & 53. Again we confronted lack of cooperation in every exchange had with opposing counsel, be it in person or through written correspondence. We faced yet another discovery fishing expedition where plaintiffs attempted to obtain the same kind of irrelevant and overbroad discovery which had been disallowed in the Rodríguez I case. We received unresponsive answers to our discovery. We confronted further abuse of the subpoena power when counsel served more than 12 subpoenas to third parties who were not notified to defendants as provided by Rule 45 to obtain discovery already objected. By May we were, once again, in the midst of cross motions to compel and for protective orders. See Rodríguez II at Dkt. Nos. 49, 53, 56, 58, 60, 67, 69, 71, 72, 73, 78, 79 & 96. The referenced subpoenas were quashed by the Court and discovery was stayed pending resolution of the various discovery motions pending before the Court.

    Unbeknownst to the undersigned, the GDB and the District Court in Rodríguez I and II, on December 19, 2009, one month after filing Rodríguez II, plaintiff had filed Chapter 7 Bankruptcy proceedings. See In re Vicky Rodríguez, 09-BK-10864-BKT7 (hereinafter "Chapter 7 Proceedings"). Notwithstanding the fact that she was represented by attorney Meléndez in these proceedings, Rodríguez failed to disclose to the Bankruptcy Court the existence of the Rodríguez II litigation. Undaunted, Mr. Meléndez and Mr. Cuadros continued to prosecute the pending cases on behalf of plaintiff, and never informed the District Court in either Rodríguez I or Rodríguez II, or the Court of Appeals, of the Chapter 7 proceedings nor of the fact that Rodríguez no longer had standing to prosecute the case on her on behalf. On May 26, 2010, the Bankrtupcty Court entered a no asset discharge. See Chapter 7 Proceedings at Dkt. No. 44. It was not until after this discharge that the GDB first received notice of Rodríguez's Chapter 7 bankruptcy.

    In light of the foregoing, on July 2, 2010, the GDB filed a motion requesting dismissal of Rodríguez II on grounds of judicial estoppel, and on July 9, 2010 requested a stay of the Rodríguez I appeal in light of Rodríguez's lack of standing. See Exhibits 5 and 6. Consequently, the Court of Appeals stayed the appeal proceedings and ordered plaintiff to advise the Court when it had informed the District Court in both the Rodríguez I and Rodríguez II cases of the Chapter 7 Bankruptcy Proceedings.[3] See Exhibit 7. On its part, and upon Mr. Meléndez's filing of an informative motion on August 2, 2010, where he admitted his failure to notify the District Court of the pending Bankruptcy proceedings or list Rodríguez II as an asset in the Bankruptcy schedules, the District Court in Rodriguez II entered an order for attorneys Meléndez and Cuadros to show cause why sanctions should not be imposed upon them "for continuing the litigation of [the] case without disclosing its existence to the Bankruptcy Court." Mr. Meléndez, who signed the informative motion filed with the Court was further ordered to show cause why sanctions should not be imposed "for stating that the complaint in [Rodríguez II] was filed after Rodríguez's petition for bankruptcy in light of the ease with which

---

    [3]More specifically, the Court of Apeals ordered plaintiffs to "file . . . a written response explaining why they have standing to pursue this appeal in light of plaintiff Rodríguez' bankruptcy filing and the appointment of a Chapter 7 trustee who has not released the case back to her. In addition, plaintiffs should explain why the never informed our court, or apparently the district court, of the bankruptcy filing. In their response to our court, plaintiffs should tell us the date they informed District Court Judges Pieras and Besosa of plaintiff's Rodríguez' bankruptcy." See Exhibit 7 (internal citations omitted).



August 17, 2010
Page 4

information to the contrary can be obtained and the fact that his signature appears in both documents."[4] See Exhibit 8. Subsequent to this order, plaintiff's sought to "divest" Judge Besosa of jurisdiction over the Rodríguez II case by filing a "Notice of Removal" to the Bankruptcy Court. See Exhibit 9. This "removal" was promptly stricken from the record by the both the District Court and the Bankruptcy Court. See Exhibit 10.

Apparently in response to the appearance of the law firm of Arrillaga & Arrillaga, as special counsel to represent the Chapter 7 estate, and their statements to the District Court regarding the commencement of settlement discussions with the GDB, on August 16, 2010, Mr. Meléndez filed a motion to convert Rodríguez Chapter 7 bankruptcy to a Chapter 11. This, we can only presume, is a desperate effort to stall the settlement negotiations already on their way.[5] See Exhibit 11.

The sanctions and reprimands leveled against plaintiff and her counsel have not served any deterrent purpose. One of the more recent developments in this tortuous litigation process has been the filing of yet another Complaint, this time in the form of an adversary proceeding before the Bankruptcy Court for civil rights and due process violations and the alleged tort of spoliation, against the GDB, two Bank officials and the undersigned, personally, as counsel for the GDB. See Exhibit 12. This particular complaint was filed by Mr. Méléndez on behalf of Rodríguez. I can only conclude this is a desperate and vengeful reaction to the fact that both the Bank and the undersigned have repeatedly raised a flag regarding conduct on the part of Rodríguez and her attorneys which goes dangerously beyond a lack of candor towards the Tribunal.

To this effect, it is notable, that as a direct result of the GDB's objections to plaintiff and her counsels misrepresentations to various federal tribunals, on July 7, 2010, the Trustee assigned to plaintiff's Chapter 7 case filed a Motion to Withdraw the Report of No Distribution, which was granted by the Bankruptcy Court on July 8, 2010 and on August 2, 2010, the Office of the United States Bankruptcy Trustee filed an adversary proceeding seeking to revoke the discharge on grounds that it was obtained through fraud. See Chapter 7 at Dkt. Nos. 57, 58 and 66.

Without any basis in fact or law, Mr. Meléndez subscribed a "Complaint" which, among other things, accuses the named defendants, including the undersigned, with conspiring to commit computer crimes. In so doing, he sponsors his client's vindictiveness and seeks to re-litigate, in the Bankruptcy Court, issues already resolved in the GDB's favor by the District Court in Rodríguez I, which merited the imposition of sanctions against plaintiff and which are, in effect, part of an appeal which has been stayed pending resolution of standing issues brought about by plaintiff's failure to disclose to two

---

[4] We submit this was not the only misrepresentation made by Mr. Meléndez in connection to the Bankruptcy Proceeding. In filings before the Bankruptcy Court, he claimed ignorance of other lawsuits where his client is a party (to wit, an employment lawsuit filed by plaintiff's husband, Luis Maldonado Vaillant, against Eurobank where Rodríguez was a named plaintiff claiming contingent damages) and which were, similarly, not disclosed to the Bankruptcy Court, when the existence of these proceedings was extensively litigated in Rodríguez I precisely because plaintiff also failed to disclose them during the course of discovery in that case. As a matter of fact, this failure to disclose was one of the incidents upon which the Rodríguez I Court based its decision to impose sanctions, see Exhibit 1 at 6-9, and is the basis of the Office of the United States Bankruptcy Trustee's filing of and adversary proceeding to revoke the Chapter 7 discharge due to fraud.

[5] Notably, on July 19, 2010, Rodríguez filed in the Bankruptcy Court a Motion to Compel the Trustee to Bring Suit as the Real Party in Interest.



August 17, 2010
Page 5

District Judges and the Court Appeals the fact that their client had filed Chapter 7 Proceedings. Both the GDB and the undersigned, personally, will be once again forced to incur in unnecessary defense costs. This manner of proceeding can be deemed nothing more than a calculated effort to intimidate and harass the GDB, its officers and their lawyer. This kind of conduct on the part of counsel admitted to this Court's bar should not be tolerated.

As mentioned above, I have never seen this manner of practice before. It seems that rather than deter further misconduct, the threat of further sanctions has only emboldened plaintiff's counsel, particularly Mr. Meléndez, to continue a pattern of harassment and vexatiousness and, now, personal intimidation against a fellow colleague. The situation is spinning out of control and there seems to be no end to Mr. Meléndez's and, ostensibly, Mr. Cuadros' antics. The filing of the referenced adversary proceeding is but the latest example of conduct which I earnestly believe violates Rules 1.1, 2.1, 3.1, 3.3, 3.4, 3.5, 4.1, 5.1 and 8.4 of the Model Rules of Professional Conduct. The litigation costs the GDB has been forced to bear are utterly unreasonable. On a more personal level, after more than one year of taking the higher road and standing by the saying "sticks and stones may break my bones, but words cannot hurt me," I simply cannot stand idle while these two attorneys continue to smear my and my Firm's hard earned professional name and reputation without any basis whatsoever. Mr. Meléndez's attempt to retaliate and intimidate me, as counsel for the GDB, for revealing to the Court the misconduct uncovered in the course of exercising my duties as counsel and officer of the Court, by presenting a baseless lawsuit against me is utterly deplorable and unethical. One need only peruse the docket record of Rodríguez I and II to become convinced that measures should be taken to ensure these attorneys do not continue to litigate in this manner. Let there be no mistake about the reasons for this letter: in the course of defending against the multiple proceedings filed by Mr. Meléndez and Mr. Cuadros against the GDB, my client has, in the end, *always* prevailed—albeit at a very high cost. The vexatiousness and impropriety Mr. Meléndez's and Mr. Cuadros' conduct in the prosecution of Rodríguez's multiple claims has been repeatedly noted and admonished in three separate federal tribunals. This letter, therefore, cannot be deemed, by any stretch of the imagination, the cry of a sore loser or a bruised ego. I take very seriously my obligations to this Court and towards my fellow bar members. It is precisely because of this that, in compliance with the mandate of Rule 8.3(a) of the Model Rules of Professional Conduct, I feel compelled to request that this matter be referred for investigation as provided by Rule 83E of the Local Rules of the Court.

Should you require further information, I am available to discuss at your convenience. Thank you for your attention to this matter.

Sincerely,

Mariela Rexach
USDC-PR 214110

Enclosures

cc    Carl E. Schuster, Esq.
Rafael E. Aguiló-Vélez, Esq.
Anabel Rodríguez-Alonso, Esq.
Javier Rivera-Febres, Esq. (GDB)



**INDEX OF EXHIBITS**

Exhibit 1 -   Opinion and Order Granting Defendants' Motion for Attorney's Fees. (Rodríguez I)

Exhibit 2 -   Judgment entered June 10, 2010 by The U.S. Court of Appeals for the First Circuit (Appeal Nos. 09-2442 & 10-1065)

Exhibit 3 -   Plaintiff's Initial Scheduling Conference Memorandum (Rodríguez II)

Exhibit 4 -   Order Regarding Defendants' Motion to Strike: Granted in Part and Denied in Part (Rodríguez II)

Exhibit 5 -   Defendants' Motion for Summary Judgment on Grounds of Judicial Estoppel and Memoranda of Law in Support thereto. (Rodríguez II)

Exhibit 6 -   Defendants-Appellees' Emergency Motion to Stay Proceedings due to Plaintiff'-Appellant's Lack of Standing (Appeal No. 10-1441)

Exhibit 7 -   Order entered on July 19, 2010 by the United States Court of Appeals (Appeal No. 10-1441)

Exhibit 8 -   Order to Show Cause regarding Motion for Summary Judgment and Informative Motion entered on August 6, 2010. (Rodríguez II)

Exhibit 9-   Notice of Removal (Rodríguez II)

Exhibit 10-  Orders Striking Notice of Removal (Rodríguez II & 09-10864-BKT7)

Exhibit 11-  Notice of Conversion (09-10864-BKT7)

Exhibit 12 - Complaint filed on August 4, 2010. (09-10864-BKT7-Adversary Proceeding)