IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

MIGUEL A. CUADROS-PESQUERA,
ESQ.

MISC. NO. 10-268 (JAF)

**SEALED**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### Introduction

This matter is before the court on an ethical complaint (Docket No. 1) filed by Mariela Rexach-Rexach ("Complainant") against attorney Miguel A. Cuadros-Pesquera ("Respondent"), who, together with attorney William E. Meléndez-Menéndez ("Meléndez"), has served as counsel for the plaintiffs in several related cases brought against Rexach's client, Puerto Rico Government Development Bank ("GDB" or "Bank").[1] (Docket No. 1). The complaint pertains to Respondent's alleged misconduct in his representation of Vicky Rodríguez in Civil Cases Nos. 09-1151 (JP) ("Rodríguez I"), 09-2199 (FAB) ("Rodríguez II"), and 10-2228 (DRD) ("Rodríguez IV").[2] The complaint alleges that the Respondent breached his ethical responsibilities toward his clients,

---

[1] GDB moved to join the complaint on August 25, 2010. (Docket No. 3).

[2] As further explained *infra*, Rodríguez filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court, Bankruptcy Case No. 09-10864 (BKT) (hereafter "Chapter 7 Proceeding"). Within that proceeding, she filed an adversary proceeding, Bankruptcy Case No. 10-00137 (BKT) (hereafter "Rodríguez III"). Rodríguez III is currently on appeal to this court in Civil Case No. 11-1301 (GAG) (hereafter "Bankruptcy Appeal"). Unless otherwise specified, references and docket citations to Rodríguez III refer to the docket in Bankruptcy Case No. 10-00137 (BKT), not to the Chapter 7 Proceeding or the Bankruptcy Appeal.

In Re: Miguel A. Cuadros-Pesquera, Esq.                                           Page 2
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

opposing parties and counsel, co-counsel, and the court by violating the Model Rules of Professional

Conduct pertaining to competence, meritorious claims, candor, fairness, the responsibilities of a

partner or supervisory lawyer, and misconduct. The matter was referred to me for an investigation

and report and recommendation pursuant to Local Rule 83E(b). (Docket Nos. 2, 4).

### Procedural Background

The attorney subject of the complaint, Miguel A. Cuadros-Pesquera, was admitted to practice

before this court on November 28, 1969, with Bar Number 114814.

The Respondent was notified of the complaint and of his right to respond. (Docket No. 5).

The Complainant and the Respondent were notified of their right to provide the court with

documents and testimony regarding the allegations made in the complaint. (Docket Nos. 5, 6). I

interviewed the Complainant, the Respondent, and Meléndez during separate closed door hearings

held on November 16 and 29, 2010. (Docket Nos. 7, 8). The interviews were conducted under oath

and the proceedings were recorded. No other witnesses were heard. The Complainant submitted

a set of exhibits (Docket No. 10) and has submitted further updates periodically since the hearing

at which she appeared. (Docket Nos. 11, 12, 13, 14, 15, 16, 17, 18). The Respondent did not submit

a written response to the complaint, although the court informed him during the closed door hearing

of his opportunity to do so. I have also consulted the dockets in Civil Cases Nos. 09-1151 (JP), 09-

2199 (FAB), 10-2228 (DRD), and 11-1301 (GAG), and Bankruptcy Cases Nos. 09-10864 (BKT),

10-00128 (BKT), 10-00137 (BKT), and 10-00139 (BKT). The Respondent cooperated with the

investigation.

### Factual Findings

The record reveals that the Respondent, together with attorney Meléndez, is an attorney of

In Re: Miguel A. Cuadros-Pesquera, Esq.                                                                    Page 3
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

record for appellant Vicky Rodríguez in the <u>Bankruptcy Appeal</u> and for plaintiffs Rodríguez, her

spouse, and their conjugal partnership in <u>Rodríguez I</u>, <u>II</u>, and <u>IV</u>.  The Respondent is not an attorney

of record in the <u>Chapter 7 Proceeding</u> or <u>Rodríguez III</u>; Meléndez represents Rodríguez in those

actions in the Bankruptcy Court.

      The Complainant is an attorney of record for the Bank and several individual defendants in

<u>Rodríguez I</u> and <u>II</u>.  The Complainant is a named defendant, along with the Bank and several other

individual defendants, in <u>Rodríguez IV</u> (in which she represents herself *pro se*) and <u>III</u>, and is an

appellee in the <u>Bankruptcy Appeal</u>.  The Complainant is neither an attorney nor a party in the

<u>Chapter 7 Proceeding</u>.

      During the closed-door interview, the Respondent stated that he is co-counsel with Meléndez

in the actions at issue and is counsel of record in <u>Rodríguez I</u>, <u>II</u>, and the <u>Chapter 7 Proceeding</u>

(which is not correct as to the last action).  The Respondent stated that he resides in Puerto Rico and

Atlanta, Georgia, and maintains a law office in Puerto Rico, and that Meléndez resides in New York

and uses the Respondent's office space when in Puerto Rico.

      The pertinent procedural history of the related actions is summarized as follows:[3]

**A.      Civil Case No. 09-1151 (JP) (<u>Rodríguez I</u>)**

      In <u>Rodríguez I</u>, the Respondent filed the original complaint on February 17, 2009, on behalf

of plaintiffs Rodríguez, her spouse, and their conjugal partnership.  The complaint was amended to

name the correct defendants on July 30, 2009.  (Docket Nos. 1, 91, 95).  The amended complaint

---

     [3] Unless otherwise indicated, the citations to the docket in the following case summaries pertain
to the docket entries in the respective cases.

In Re: Miguel A. Cuadros-Pesquera, Esq.                                                    Page 4
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

against the Bank (Rodríguez's employer at the time), several Bank officers and employees,[4] and the

Bank's insurance company asserts age and sex discrimination claims under federal and local law,[5]

tort claims under Puerto Rico's constitution (for privacy violations) and its general tort statutes, 31

L.P.R.A. §§ 5141-5142 ("Articles 1802 and 1803"), and a due process claim under 42 U.S.C. § 1983

("Section 1983").  (Docket No. 95).

      Shortly after the filing of the amended complaint, while the Respondent and another attorney

were the plaintiffs' counsel of record, the court granted an emergency motion by the defendants to

compel discovery responses but denied sanctions at that time.  (Docket Nos. 101, 102).  Meléndez

was added as co-counsel for the plaintiffs soon thereafter, on August 12, 2009.  (Docket Nos. 108,

109).  The following month, the court granted in part another motion by the defendants to compel

discovery.  (Docket Nos. 154, 178).  On August 27, 2009, the defendants filed an emergency motion

for a protective order regarding more than 350 documents produced by the plaintiffs that allegedly

contained confidential third-party information (hereafter "the Confidential Documents"), which

Rodríguez had allegedly extracted and copied from the Bank without authorization in order to

provide them to her attorneys.  (Docket No. 125).  After initially denying the motion, the court held

an in-chambers conference to set out a schedule for discovery, ordered the plaintiffs not to disclose

any confidential documents to non-parties, and threatened sanctions for failure to comply.  (Docket

---

    [4] Jorge Irizarry-Herrans, Luis I. Alfaro-Martínez, Javier Ramos-Luiña, Enid López-López
("López"), Ángel Pérez-Rivera, Marine Comas-Torres, Naphis Torres-Padró, and Edgardo Rodríguez-
Nieves, all sued in their official and individual capacities.  (Docket No. 95).

    [5] The Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §§ 621-634,
Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-17, the Lilly Ledbetter
Fair Pay Act, Pub. L. No. 111-2, 123 Stat. 5 (2009), and Puerto Rico's age and sex discrimination laws,
Law 100, as amended, 29 L.P.R.A. §§ 146-151, and Law 69, 29 L.P.R.A. §§ 1321-1341.  (Docket No.
95).

In Re: Miguel A. Cuadros-Pesquera, Esq.                                    Page 5
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

Nos. 161, 173, 180, 184, 190).

On February 23, 2010, the court granted the defendants' motions for summary judgment (Docket Nos. 243, 245), dismissing the plaintiffs' federal law claims with prejudice and their state law claims without prejudice. (Docket Nos. 266, 267). The court also granted the defendants' subsequent motion for attorneys' fees, which alleged frivolous and vexatious litigation conduct by the plaintiffs.

In the fee order, the court, upon review of the pertinent procedural history of the case, granted attorneys' fees for work done in relation to electronic discovery, written discovery, third-party subpoenas, a motion in *limine*, and several claims which the defendants contended were frivolous. (Docket Nos. 272, 278). Regarding electronic discovery, the court noted its denial of the plaintiffs' motion for preservation and litigation hold based on a "meritless" spoliation accusation,[6] as well as its denial of two motions to compel discovery and the plaintiffs' subsequent motion to vacate the order denying those motions. (Docket Nos. 160, 164, 169, 237, 252, 254, 315). The court stated that fees were warranted since, instead of requesting electronic discovery at the proper time, the plaintiffs brought various motions that "lacked foundation," thereby "unnecessarily and unreasonably multipl[ying] the proceedings" and causing the defendants to waste time and effort. (Docket No. 278, p. 5-6).

Regarding written discovery, the court reviewed its grant of three different motions to compel by the defendants. The court noted that after the plaintiffs' initial discovery production "f[e]ll short

---

[6] During the closed-door hearing, the Complainant contended that the deposition of defendant López was the basis of the plaintiffs' spoliation claim. The Complainant submitted the deposition transcript as an exhibit in this matter. (Misc. No. 10-268, Docket No. 11).

In Re: Miguel A. Cuadros-Pesquera, Esq.                                                           Page 6
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

of what is required by the Federal Rules of Civil Procedure," the plaintiffs refused to answer a later

production request, failed to disclose certain medical treatment records even after supplementing

their discovery responses, and then refused to provide medical authorizations for the release of those

records after initially agreeing to do so. (Docket Nos. 101, 102, 223, 227, 230, 249). The third order

compelling discovery "admonished Plaintiffs for their behavior" and "found that awarding costs and

attorneys' fees was warranted based on Plaintiffs['] behavior." The court's fee order called the

plaintiffs' behavior "at the very least unreasonable," since their "behavior of hiding information . .

. is inexcusable" and their conduct caused delays and increased litigation costs by ignoring their

"clear duty to provide Defendants with the information requested." Accordingly, the court granted

attorneys' fees for written discovery as well. (Docket No. 278, p. 6-9).

Next, the court's fee order noted that on two occasions, pursuant to motions for protective

orders by the defendants, it had disallowed "unauthorized" subpoenas issued by the plaintiffs to third

parties. The defendants' second motion argued that their attorney had not been notified and that the

subpoena was served in violation of the court's scheduling order. (Docket Nos. 194, 200, 202, 207,

215, 218). The court found granting attorneys' fees appropriate since the plaintiffs "unreasonably

disregarded" the court's "clear" order "that no further discovery could be conducted without leave

of the Court." (Docket No. 278, p. 9-10). The court also granted attorneys' fees related to a motion

in *limine* filed by the plaintiffs after the defendants supplemented their initial disclosures, which the

court, in denying the motion, had found to be "without foundation." (Docket Nos. 165; 186; 278,

p. 10).

Finally, the court granted attorneys' fees related to several claims brought by the plaintiffs

that the court found to be frivolous. The court found that the plaintiffs' failure to present evidence

In Re: Miguel A. Cuadros-Pesquera, Esq.                                                                    Page 7
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

in support of their wage discrimination and Section 1983 claims showed those claims' frivolousness.

The court also found frivolous the plaintiffs' claims against individual defendants for violations of

the ADEA and Title VII, which "do not provide for individual liability," particularly since "Plaintiffs

failed to even oppose the arguments put forth by Defendants in their motion for summary judgment."

(Docket No. 278, p. 11-13).

The plaintiffs subsequently moved to vacate the fee award. (Docket No. 281). In the motion,

the plaintiffs stated that the defendants' allegations about the plaintiffs' litigation behavior "stand

on shaky grounds on the merits, at best," and further stated that the court's order "not only sanctions

Plaintiffs, but it also stands as a threat against Plaintiffs for planning to take on an appeal that this

Court considers to be frivolous, with the concomitant dangerous chilling effect it potentially has

against Plaintiffs[] by deterring Plaintiffs from exercising their right to appellate review of the

District Court's rulings." (Docket No. 281, p. 2, ¶ 3). This court granted the plaintiffs' motion and

vacated the award as untimely under Local Rule 54(a),[7] since the defendants' fee motion was filed

before the First Circuit's final disposition of the plaintiffs' appeal from the court's summary

judgment ruling. (Docket No. 304). That appeal (Docket No. 270) is still pending before the First

Circuit. (See First Circuit Case No. 10-1441).

**B.      Civil Case No. 09-2199 (FAB) (Rodríguez II)**

In Rodríguez II, on November 25, 2009, plaintiffs Rodríguez, her spouse, and their conjugal

partnership filed suit against the Bank and Bank officer Guillermo Camba-Casas ("Camba"), alleging

that the defendants retaliated against Rodríguez for the filing of Rodríguez I, starting on August 25,

---

[7] "A claim for [attorney's] fees filed before the final disposition of any appeal shall have no effect and a new application must be filed within the time prescribed herein." Local R. 54(a).

In Re: Miguel A. Cuadros-Pesquera, Esq.                                                    Page 8
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

2009, when the Bank began an administrative proceeding against Rodríguez for violating the Bank's

ethics policy by her alleged extraction of the Confidential Documents (hereafter "Administrative

Proceeding"),[8] and culminating in her termination from employment on November 10, 2009. The

complaint, which is signed by both the Respondent and Meléndez, alleges claims for retaliation

pursuant to the anti-retaliation provisions of Title VII and the ADEA and Puerto Rico's laws

prohibiting retaliation against employees, 32 L.P.R.A. § 3120, 29 L.P.R.A. § 194a; for due process

violations under the Fifth and Fourteenth Amendments; for infringement of her right to privacy and

dignity under the Puerto Rico constitution; and in tort under Articles 1802 and 1803. (Docket No.

1).

    After delays in the filing of the joint case management memorandum and Rule 26(f) report

(Docket No. 28, 33), the court allowed the parties to file the memorandum and report separately

(Docket No. 30) upon the request of the Complainant, who refused to submit a joint conference

report due to what the Complainant characterized as "an array of personal insults, inflammatory

language and imputations of unethical conduct towards [the Complainant]" contained in Meléndez's

purported additions to the report. (Docket No. 29). The defendants' separate Rule 26(f) report noted

that the plaintiffs' first set of discovery requests sought production of the Confidential Documents,

to which the defendants objected. (Docket No. 31).

    After the parties filed separate initial scheduling conference memoranda (Docket Nos. 32,

---

[8] During the closed-door hearing, the Complainant stated that Rodríguez and her counsel failed to appear at a hearing on the merits in the Administrative Proceeding, and that the administrative law judge ("ALJ") received evidence in their absence. The Complainant subsequently submitted to me the ALJ's resolution upholding Rodríguez's termination (hereafter "Resolution"), issued on December 1, 2010. The Resolution is in Spanish and the Complainant has not yet provided a certified translation. (Docket No. 13, Exh. D).

In Re: Miguel A. Cuadros-Pesquera, Esq.                                              Page 9
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

36), the defendants moved to strike several paragraphs of the plaintiffs' memorandum (Docket No.

36), signed by both the Respondent and Meléndez, due to inflammatory language contained therein.

The defendants' motion noted that the plaintiffs had already been sanctioned twice in Rodríguez I.

(Docket No. 38).  The court ordered the plaintiffs to show cause why those paragraphs should not

be stricken and why further sanctions should not be imposed on plaintiffs' counsel.  (Docket No. 39).

After the plaintiffs responded (Docket No. 40), the court held an initial scheduling conference at

which it "discussed with the parties the type of language used by plaintiffs" in their memorandum

and show-cause response.  (Docket No. 46).  The court granted the defendants' motion to strike the

"disparaging remarks regarding the competence and diligence of defendants' counsels," finding that

those paragraphs "served no useful purpose in resolving any issue between the parties and are likely

only to disrupt the discovery process and this litigation," "depart[] from the decorum expected by

this Court," and "constitute a failure to comply in good faith with the case management order . . . and

Federal Rule of Civil Procedure 26(f)."  (Docket No. 45, p. 1-2).  In the same order, the court held

in abeyance any ruling on the plaintiffs' Rule 37 motion (Docket No. 41) pending the parties'

meeting to set a discovery plan for the case.  (Docket No. 45, p. 2-3).  Regardless, the plaintiffs filed

two further Rule 37 motions (Docket Nos. 47, 48) prior to the date of the parties' scheduled meeting

(Docket No. 49), which the court denied for failure to comply with Local Rule 26(b).[9]  (Docket Nos.

51, 52).

      Later the same month (May 2010), the defendants moved for a protective order due to the

---

[9] "A judge shall not consider any discovery motion that is not accompanied by a certification that
the moving party has made a reasonable and good-faith effort to reach an agreement with opposing
counsel on the matters set forth in the motion. . . ."  Local R. 26(b).

In Re: Miguel A. Cuadros-Pesquera, Esq.                                                    Page 10
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

plaintiffs' issuance to third parties of over a dozen subpoenas for production of documents, of which

the plaintiffs allegedly notified the defendants of only five. When the defendants' counsel notified

the plaintiffs' counsel of their objections to the subpoenas and invited them to meet and confer under

Local Rule 26(b), Meléndez sent the defendants' counsel an e-mail reply stating, in its entirety,

"Counselor: Get real. W-." (Docket Nos. 58, 58-4). The court granted the protective order and

stayed all discovery in the case until further order of the court. The protective order stated that the

court would impose a sanction of $100 on the requesting party for each discrete discovery request

denied by the court, and would impose the same sanction on the objecting party for each discrete

discovery request allowed over an objection. The court further reminded the parties that it had the

discretion to impose additional sanctions and admonished counsel to "commit to memory" this

court's standing order regarding pretrial and trial conduct.[10] (Docket Nos. 58, 60).

On June 22, 2010, the defendants filed an informative motion notifying the court that they

had learned of the filing of the Chapter 7 Proceeding. The motion noted a bankruptcy petitioner's

duty to notify the bankruptcy court of any pending legal claims at the time of filing, of Rodríguez's

failure to list Rodríguez II in her schedule of assets, and of Rodríguez's receipt of a no-asset

discharge on May 26, 2010 (as described *infra*). (Docket No. 76). On July 2, 2010, the Bank moved

for summary judgment on the grounds of judicial estoppel based on plaintiffs' non-disclosure of the

Chapter 7 Proceeding. (Docket No. 87).

On August 2, 2010, Meléndez filed a motion informing the court that Rodríguez II had not

---

[10] See "In the Matter of: Code of Pretrial Conduct; Code of Trial Conduct," Misc. No. 07-186, *available at* http://www.prd.uscourts.gov/CourtWeb/pdf/StdOrd/General/StdOrd_Conduct_Pretrial_Trial.pdf (last visited April 12, 2011).

In Re: Miguel A. Cuadros-Pesquera, Esq.                                                    Page 11
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

been disclosed in Rodríguez's bankruptcy schedules, and that while that omission had been rectified,

the amended filings erroneously designated Rodríguez, rather than the trustee in her bankruptcy case,

as the real party in interest. Meléndez stated that he had moved the Bankruptcy Court to compel

Rodríguez's Chapter 7 trustee either to appear as the real party in interest in Rodríguez II or to

abandon Rodríguez II in order to allow Rodríguez to pursue the instant claims in her own name.[11]

In the motion, Meléndez disavowed any fault on behalf of Rodríguez and acknowledged his own sole

responsibility for the errors. The motion expressly stated that "the present case was brought

subsequent to the filing of the aforementioned bankruptcy petition."[12] (Docket No. 97).

        The court issued an order noting the "potentially sanctionable conduct on the part of

plaintiffs' counsel" – both the Respondent and Meléndez – "that mandates explanation." The court

stated that "Mr. Mel[é]ndez provides very little in the way of explanation for his failure" without

"justif[ying] the non-disclosure of this case to the Bankruptcy Court." The court further noted that

Meléndez's claim that Rodríguez II was filed subsequent to the Chapter 7 Proceeding was easily

shown to be false upon "a cursory review of the dockets in both" proceedings. The court ordered

Meléndez and the Respondent to show cause why sanctions should not be imposed "for continuing

the litigation of this case without disclosing its existence to the Bankruptcy Court" and further

---

        [11] In a Chapter 7 bankruptcy case, the trustee, not the debtor, has standing to pursue a debtor's
causes of action. Spenlinhauer v. O'Donnell, 261 F.3d 113, 118 & n.5 (1st Cir. 2001). After appearing
for a short period as the real party in interest, Rodríguez's Chapter 7 trustee did ultimately abandon the
cause of action in Rodríguez II, restoring standing to Rodríguez. (Docket Nos. 121; 125, p. 3, n.1).

        [12] At the closed-door hearing, I asked the Respondent whether the Chapter 7 Proceeding was
filed before or after Rodríguez II, and the Respondent replied that he did not recall. I asked the
Respondent whether he informed the court in Rodríguez II of the filing of the Chapter 7 Proceeding, and
the Respondent replied that he did not recall, but that if he did, he did so in conjunction with attorney
Meléndez.

In Re: Miguel A. Cuadros-Pesquera, Esq.                                                    Page 12
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

ordered Meléndez to show cause why sanctions should not be imposed for his false statement

regarding the order of filing of the two cases.  (Docket No. 98).

Shortly after the court's show-cause order was issued and before filing the subsequent motion

in compliance with that order (see Docket No. 106), Meléndez filed a "Notice of Removal," stating

that plaintiff Rodríguez had "removed" the instant case to the Bankruptcy Court and that the district

court was "divested [of] jurisdiction" over the case, citing 28 U.S.C. § 1452.[13]  (Docket No. 101).

The same day, this court struck the notice of "removal" from the record, finding the document

"pretending to transfer this case" to the Bankruptcy Court "and divest this Court of jurisdiction" was

without effect, since 28 U.S.C. § 1452 "does not provide a procedural mechanism for removal from

the district court to a bankruptcy court."  (Docket No. 102).

On November 5, 2010, the court granted summary judgment for the defendants and dismissed

all claims with prejudice.  (Docket Nos. 125, 127).  The court agreed with the defendants that the

plaintiffs were judicially estopped from bringing their claims in the instant case due to Meléndez's

failure to disclose Rodríguez II in the Chapter 7 Proceeding.  The court noted that while Rodríguez

disclosed Rodríguez I in the bankruptcy filings (which Rodríguez and Meléndez signed under

penalty of perjury), she did not amend them to list Rodríguez II until after the defendants filed for

summary judgment based on judicial estoppel, and there was "no indication on the record" that she

would ever have done so were it not for the summary judgment motion.  (Docket No. 125, p. 8-9,

15-17).  The court found that all of the plaintiffs' arguments opposing summary judgment "lack[]

_____

[13] 28 U.S.C. § 1452, which provides for removal of claims related to bankruptcy cases, states, "A
party may remove any claim or cause of action in a civil action . . . to the district court for the district
where such civil action is pending, if such district court has jurisdiction of such claim or cause of action
under [28 U.S.C. § 1334]."  28 U.S.C. § 1452(a).

In Re: Miguel A. Cuadros-Pesquera, Esq.                                      Page 13
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

an evidentiary basis, legal support, or both," and added that Rodríguez's actions "endanger the

integrity of the courts in a manner sufficient to merit judicial estoppel." (Id., p. 14, 18).

The defendants' motion for attorneys' fees as sanctions for the plaintiffs' allegedly frivolous

and vexatious litigation conduct (Docket No. 128) and the plaintiffs' appeal to the First Circuit

(Docket No. 129; see First Circuit Case No. 10-2500) are still pending. The plaintiffs' Notice of

Appeal states that the plaintiffs are appealing from the court's grant of summary judgment, its entry

of judgment dismissing the case with prejudice, and its order finding moot a number of motions by

both parties in light of the dismissal of the case. (Docket Nos. 125, 126, 127, 129). The Notice of

Appeal also covers the following orders: the order granting leave to file the case management

memorandum and Rule 26(f) report separately (Docket No. 30); the order to show cause why certain

paragraphs of the plaintiffs' case management memorandum should not be stricken and sanctions

imposed (Docket No. 39); the order granting in part the plaintiffs' motion to strike those paragraphs

and holding in abeyance its ruling on the plaintiffs' first Rule 37 motion (Docket No. 45); the

protective order staying all discovery (Docket No. 60); the order to show cause why sanctions should

not be imposed for non-disclosure of the Chapter 7 Proceeding and misstatement of the order of

filing (Docket No. 98); and the order striking the attempted "removal" from the record (Docket No.

102). (Docket No. 129).

### C. Bankruptcy Case No. 09-10864 (BKT) (Chapter 7 Proceeding)

Rodríguez filed a Chapter 7 bankruptcy petition on December 19, 2009. (Docket No. 1). At

the Respondent's closed-door hearing, the Respondent stated that he has been representing

Rodríguez in the Chapter 7 Proceeding from its beginning and that he advised her to file for

bankruptcy and was involved in her decision to do so. However, he is not an attorney of record in

In Re: Miguel A. Cuadros-Pesquera, Esq.                                             Page 14
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

the proceeding.  The exact nature of his involvement in the bankruptcy case is therefore unclear to

the undersigned.

Rodríguez filed bankruptcy schedules on January 9, 2010 (Docket Nos. 13, 14, 15, 16, 17,

18, 19, 20), and amended several of the schedules on February 15, 2010.  (Docket Nos. 32, 33, 34).

In both the original and first amended schedules, she listed Rodríguez I but not Rodríguez II, which

had been filed in November 2009, prior to the filing of the bankruptcy petition.  (Docket Nos. 14,

33).  A Section 341 meeting of creditors was held on February 3, 2010.[14]  (Docket No. 31).  Pursuant

to the trustee's "no asset" report (Docket No. 39), the Bankruptcy Court granted Rodríguez a Chapter

7 no-asset discharge on May 26, 2010.  (Docket No. 44).  On June 22, 2010, the Bank objected to

the trustee's report (Docket No. 52),[15] which the trustee moved to withdraw on July 7, 2010 after

"receiv[ing] additional information regarding other contingent claims willfully omitted by debtor in

the schedules."  (Docket No. 57).  The court granted the withdrawal on July 8, 2010.  (Docket No.

58).  On August 2, 2010,[16] Rodríguez amended her bankruptcy schedules again, this time adding

Rodríguez II.  (Docket No. 63).

As detailed below, three adversary proceedings were filed within the Chapter 7 Proceeding,

---

[14] At the closed-door hearing with Meléndez, Meléndez stated that he appeared as Rodríguez's counsel at the Section 341 meeting because the Respondent was out of town at the time.  However, the minutes for the Section 341 meeting state that the Respondent, not the attorney of record (*i.e.*, Meléndez), was present with Rodríguez at the meeting.  (Docket No. 31).  Furthermore, Meléndez specifically stated to the Bankruptcy Court that he was not present at the Section 341 meeting.  (Docket No. 62, p. 1, ¶ 2).

[15] According to the Complainant, the Bank did not learn it was listed as a creditor until after the discharge was granted because the debtor did not notify the Bank despite listing it in the amended bankruptcy schedules.

[16] The same date on which Meléndez filed the informative motion in Rodríguez II, telling the court that Rodríguez had amended the bankruptcy schedules to disclose Rodríguez II.  (Civil No. 09-2199, Docket No. 97).

In Re: Miguel A. Cuadros-Pesquera, Esq.                                                    Page 15
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

all in August 2010: one by the U.S. Trustee, one by the Bank, and <u>Rodríguez III</u>.

### 1. Adversary Proceeding filed by the U.S. Trustee

On August 2, 2010, the U.S. Trustee filed an adversary proceeding against Rodríguez objecting to and seeking revocation of the no-asset discharge. The complaint alleged that Rodríguez did not disclose her interest as the co-plaintiff in a case filed in the Puerto Rico courts (hereafter "<u>State Court Case</u>"),[17] either in her bankruptcy schedules (original or amended), which she signed under penalty of perjury, or at the Section 341 meeting of creditors. (Bankruptcy Case No. 10-00128 (BKT), Docket No. 1). At the initial pretrial scheduling conference on December 1, 2010, two days after the Respondent's and Meléndez's closed-door hearings before me, the Bankruptcy Court sanctioned Meléndez $250 for failure to comply with its order regarding Local Bankruptcy Rule 7026 (which tracks the meet-and-confer and joint discovery plan requirements of Federal Rule of Civil Procedure 26). (<u>Id.</u>, Docket No. 31). On March 23, 2011, the parties stipulated to the revocation and denial of the Chapter 7 discharge. (<u>Id.</u>, Docket Nos. 56, 61).

### 2. Adversary Proceeding filed by the Bank

On August 11, 2010, the Bank filed an adversary proceeding against Rodríguez and Rodríguez's trustee, arguing that the attorneys' fees granted to the defendants in <u>Rodríguez I</u> had been awarded due to the debtor's vexatious litigation conduct in that case and thus were non-dischargeable under Section 523(a)(6) of the Bankruptcy Code, which excepts from discharge any debt for "willful and malicious injury by the debtor to another entity or to the property of another

---

[17] At the Complainant's closed-door hearing, the Complainant stated that the Puerto Rico court case was brought by Rodríguez's spouse against his employer, with Rodríguez as co-plaintiff. The adversary proceeding was filed the same day that Rodríguez amended her bankruptcy schedules to disclose <u>Rodríguez II</u> and informed the court in <u>Rodríguez II</u> of the amendment, as noted *supra*.

In Re: Miguel A. Cuadros-Pesquera, Esq.                                                Page 16
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

entity."[18] 11 U.S.C. § 523(a)(6).  The Bankruptcy Court granted the Bank's motion for summary

judgment, entered judgment finding the Rodríguez I attorney's fee award non-dischargeable under

Section 523(a)(6), and closed the proceeding.  (Bankruptcy Case No. 10-00139 (BKT), Docket Nos.

1, 21, 33, 35).

### D.    Bankruptcy Case No. 10-00137 (BKT) (Rodríguez III)

In Rodríguez III, Meléndez filed the complaint on Rodríguez's behalf on August 9, 2010

against the Bank, the Complainant, Camba, López, and several unknown employees or agents of the

Bank sued under fictitious names.  The complaint alleges violation of Rodríguez's constitutional due

process rights under Section 1983, obstruction of justice actionable pursuant to 42 U.S.C. § 1985,

and intentional spoliation of evidence in Rodríguez I and II and related causes of action arising under

the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, the Wiretap Act, as amended, 18

U.S.C. §§ 2510-2522, the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2712,[19] and

Articles 1802 and 1803.  The complaint seeks compensatory damages, punitive damages, and

attorneys' fees and costs.  (Docket No. 1).  As characterized by the Bankruptcy Court, the

complaint's allegations "rely solely on the testimony of a defendant in" Rodríguez I, namely, López.

(Docket No. 66, p. 2).

The defendants moved to dismiss the complaint (Docket No. 11), and the Bankruptcy Court

granted the defendants' motion, finding that in light of the identical claims brought in Rodríguez I,

---

[18] In his closed-door hearing before me, Meléndez stated that the attorneys' fees were included in
the bankruptcy schedules in the Chapter 7 Proceeding.

[19] The Wiretap Act and the SCA are Titles I and II, respectively, of the Electronic
Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. §§ 2510-22, 2701-12.  The complaint does
not clarify the relationship among the statutes.  (Docket No. 1, ¶¶ 1, 53, 54).

In Re: Miguel A. Cuadros-Pesquera, Esq.                                                    Page 17
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

in which, as the Bankruptcy Court noted, "the Plaintiff also alleged improper storage and/or mishandling of information by the same Defendants," *res judicata* principles barred the plaintiff's claims in the present action.[20]  (Docket Nos. 66, p. 2-3; 73).  The defendants's motion requested sanctions against the plaintiff for bringing frivolous and vexatious litigation under Federal Rule of Bankruptcy Procedure 9011.  The court found sanctions appropriate, ordered Rodríguez to pay a total of $34,658.22 in attorneys' fees and costs as a sanction, imposed an expedited payment deadline, and denied the plaintiff's subsequent motion to vacate its order awarding attorneys' fees.  (Docket Nos. 11, 66, 73, 77, 81, 82, 83).  On March 30, 2011, Rodríguez filed the Bankruptcy Appeal in this court, appealing from the Bankruptcy Court's grant of summary judgment to the defendants.  (Civil No. 11-1301 (GAG), Docket No. 1).  On April 11, 2011, Meléndez filed a motion in the Bankruptcy Court to vacate that court's order imposing the expedited payment deadline (Docket No. 82), arguing that the filing of the Bankruptcy Appeal five days prior to that order had deprived the Bankruptcy Court of jurisdiction and thereby precluded the imposition of attorneys' fees.  (Docket No. 86).  The Bankruptcy Court denied the motion on April 19, 2011, finding it meritless since the plaintiff had not requested a stay pending appeal.  (Docket No. 87).  On April 29, 2011, Meléndez filed a notice of appeal by "attorneys Miguel Cuadros and William Melendez, in their own name [sic],"[21] from that denial to the Bankruptcy Appellate Panel of the First Circuit.  Meléndez alone signed the filing. (Docket No. 90).

---

[20] The court also found that the plaintiff lacked standing to bring the claims because the trustee, not Rodríguez, had standing to bring her causes of action.  (Docket No. 73, p. 4) (citing Spenlinhauer, 261 F.3d at 118 & n.5).

[21] As noted, the Respondent is not counsel of record in any of the proceedings in the Bankruptcy Court, so it is unclear to the undersigned why the Respondent would appeal "in his own name."

In Re: Miguel A. Cuadros-Pesquera, Esq.                                    Page 18
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

###    E.        Civil Case No. 10-2228 (DRD) (<u>Rodríguez IV</u>)

In <u>Rodríguez IV</u>, Rodríguez, her spouse, and their conjugal partnership filed suit against the Bank, the Complainant, Camba, and Carlos García on December 15, 2010.  The original complaint alleges retaliation under the ADEA, 29 U.S.C. § 623, and Title VII, 42 U.S.C. § 2000e-3; race-based discrimination under 42 U.S.C. § 1981; class-based discrimination under 42 U.S.C. § 1985; violation of Rodríguez's Fourteenth Amendment substantive due process rights under Section 1983; and wrongful discharge under Puerto Rico's Law 80, 29 L.P.R.A. § 185a.  The original complaint also alleges a cause of action in tort against the Complainant for tortious interference with Rodríguez's employment contract with the Bank.  Plaintiffs request separation pay, compensatory damages, back pay, unpaid wages, and attorneys' fees and costs.  (Docket No. 1).

Shortly after the filing of the original complaint, the presiding judge ordered plaintiffs to show cause why the case should not be dismissed under the doctrine of *res judicata* in light of the similar, identical, or related causes of action in <u>Rodríguez I</u> and <u>II</u>.  (Docket Nos. 3, 4).  The plaintiffs filed a motion in compliance on December 28, 2010, stating that <u>Rodríguez I</u> and <u>II</u> "have not been finally adjudicated on the merits, and lack . . . the required identity of parties and causes of action" required for *res judicata*.  (Docket No. 5, p. 5).  On March 15, 2011, plaintiffs amended the complaint to add two defendants, namely López and Bank officer Edgardo Rodríguez-Nieves, as well as claims for intentional spoliation of evidence in <u>Rodríguez I</u> and <u>II</u> and related claims under the CFAA, the SCA/ECPA, and Articles 1802 and 1803.  (Docket No. 6).[22]

---

[22] Contrary to the Complainant's assertions in a January 20, 2011 letter to me (Docket No. 14), both the original and amended complaints and the motion in compliance mention the Resolution in the Administrative Proceeding, <u>see</u> *supra* n.8.  (Docket Nos. 1, ¶ 29; 5, ¶¶ 13-15; 6, ¶ 35).

In Re: Miguel A. Cuadros-Pesquera, Esq.                                    Page 19
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

On April 4, 2011, the Complainant filed an emergency motion to stay the proceedings and requested a hearing under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"). The emergency motion, which alleges that the plaintiffs' motion in compliance with the court's show-cause order (Docket No. 5) misrepresents the proceedings in Rodríguez I and II, invokes Rule 11(b) and Model Rules of Civil Procedure 1.1, 3.1, 3.3, and 4.1. (Docket No. 8).

On April 5, 2011, the court granted the motion to stay and noted the request for a Rule 11 hearing. The court stayed the case until all pending appeals, including bankruptcy appeals, have been resolved. The order prohibits plaintiffs, the Respondent, and Meléndez from further amending the complaint without prior leave of the court and threatens severe sanctions for failure to comply, including civil contempt and possibly criminal contempt. (Docket No. 9). The court denied a motion filed by Meléndez to vacate that order (Docket Nos. 12, 13), and ordered the plaintiffs to show cause as to why their civil rights claims are not time-barred as to the Complainant, why the complaint in Rodríguez II was not timely amended to include the Complainant, and why all federal employment discrimination claims against the individual defendants, including the Complainant, should not be dismissed. (Docket No. 14). On April 29, 2011, plaintiffs took an interlocutory appeal from the court's denial of their motion to vacate its order. (Docket No. 15). Plaintiffs filed a motion in compliance with the court's second show-cause order on May 11, 2011. (Docket No. 21).

## Discussion

It has been held that "'[a]ny court which has the power to admit attorneys to practice may also sanction them for unprofessional conduct.'" Romero-Barcelo v. Acevedo-Vilá, 275 F.Supp. 2d 177, 190 (D.P.R. 2003) (quoting Standing Comm. on Discipline v. Ross, 735 F.2d 1168, 1170 (9th Cir. 1984)). Nevertheless, there is no uniform procedure for attorney disciplinary cases in the federal

In Re: Miguel A. Cuadros-Pesquera, Esq.                                      Page 20
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

system. Id. Each judicial district is free to implement, by way of local rule, the procedures to

discipline and sanction the attorneys admitted to practice before it. Acevedo-Vilá, 275 F.Supp. 2d

at 190.

In this district, Local Rule 83E(a) adopts the Rules of Professional Conduct ("Model Rules")

of the American Bar Association ("ABA") to govern the conduct of attorneys admitted to practice

before this court. Acts or omissions which violate the Model Rules "shall constitute misconduct and

shall be grounds for discipline." Id. Disciplinary penalties, if warranted, may include disbarment,

suspension, public or private reprimand, monetary penalties, and/or other conditions the Court deems

appropriate. Local Rule 83E(c). Due process must be accorded to any attorney facing disciplinary

proceedings before any of these penalties may be imposed. In re Córdova-González, 996 F.2d 1334,

1336 (1st Cir. 1993). Furthermore, the imposition of disciplinary penalties must only follow the

presentation of "clear and convincing" proof of the attorney's ethical violation. Sealed Appellant

1 v. Sealed Appellee 1, 211 F.3d 252, 256 (5th Cir. 2000); Acevedo-Vilá, 275 F.Supp. 2d at 192.

Local Rule 83E(b) provides that when misconduct or allegations of misconduct which, if

substantiated, would warrant discipline on the part of an attorney, come to the attention of this court,

a magistrate judge or Disciplinary Committee shall afford the attorney the opportunity to be heard.

Thereafter, the attorney may submit objections to the report and recommendation. Any objections

are to be filed with the court within fourteen (14) days upon notice of the report and

recommendation. The matter will then be submitted to the court for final determination. Local Rule

83E(b).

The ethics complaint (Docket No. 1), the Complainant's memorandum dated November 29,

2010 (Docket No. 10), and the Complainant's letter dated March 18, 2011 (Docket No. 16) allege

In Re: Miguel A. Cuadros-Pesquera, Esq.                                      Page 21
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

that the Respondent violated the following Model Rules: 1.1 (competence), 3.1 (meritorious claims

and contentions), 3.3 (candor toward the tribunal), 3.4 (fairness to opposing party and counsel), 5.1

(responsibilities of partners, managers, and supervisory lawyers) and 8.4 (misconduct). These

allegations are further discussed below.

## I. Discovery Conduct in <u>Rodríguez I</u> and <u>II</u>

In the complaint and her additional memorandum dated November 29, 2010 (Docket Nos.

1, 10), the Complainant suggests that the Respondent, along with Meléndez, engaged repeatedly in

frivolous and vexatious discovery conduct that rose to the level of an ethics violation, contravening

the professional duties of competence, meritorious claims and contentions, and fairness to the

opposing party and counsel, as well as the prohibition against misconduct. These allegations

implicate Model Rules 1.1, 3.1, 3.4(d), and 8.4(d), which read in pertinent part as follows:

<u>Model Rule 1.1</u>

*A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.*

<u>Model Rule 3.1</u>

*A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. [. . .]*

<u>Model Rule 3.4(d)</u>

*A lawyer shall not: [. . .] (d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party;*

<u>Model Rule 8.4(d)</u>

In Re: Miguel A. Cuadros-Pesquera, Esq.                                         Page 22
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

> *It is professional misconduct for a lawyer to: [. . .] (d) engage in conduct that is
> prejudicial to the administration of justice [. . .]*

Having reviewed the record, I find the record contains clear and convincing proof that the

Respondent's discovery conduct violated Model Rules 1.1 and 3.4(d).  I will discuss each case in

turn.

### A.    Rodríguez I

In Rodríguez I, the court issued an order (Civil No. 09-1151, Docket No. 278) in which it

awarded attorneys' fees to the defendants as a sanction for the plaintiffs' conduct in relation to

electronic discovery, written discovery, and third-party subpoenas.  As outlined in the Factual

Findings *supra*, the court's fee order extensively discussed its denial of the plaintiffs' motions to

compel electronic discovery (noting that the plaintiffs failed to request electronic discovery at the

appropriate time), and its grant of the defendants' motions to compel written discovery and for

protective orders regarding the subpoenas.  (Id., Docket No. 278).

Importantly, the court subsequently granted the plaintiffs' motion to vacate the fee order as

premature under Local Rule 54(a), in light of the plaintiffs' pending appeal to the First Circuit.  (Id.,

Docket No. 304).  In their motion to vacate (id., Docket No. 281), the plaintiffs noted that the

conduct the court found offensive related to several motions whose denial the plaintiffs had appealed

to the First Circuit.  That appeal is still pending.  The plaintiffs' Notice of Appeal specifies that the

plaintiffs are appealing the court's dismissal of the plaintiffs' case and entry of final judgment (id.,

Docket Nos. 266, 267), as well as certain motions regarding discovery, including the court's orders

regarding the third-party subpoenas (id., Docket Nos. 207, 218), certain other discovery requested

by the plaintiffs (id., Docket No. 226), and the plaintiffs' two motions to compel electronic discovery

In Re: Miguel A. Cuadros-Pesquera, Esq.                                          Page 23
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

(id., Docket No. 237).[23]  (Id., Docket No. 270).  Accordingly, I find that the pendency of the First

Circuit appeal precludes any findings of ethics violations at this time in connection with the

Respondent's discovery conduct regarding electronic discovery or the third-party subpoenas.

However, I will consider the Complainant's allegations regarding the Respondent's conduct

in responding to the defendants' requests for written discovery, as the plaintiffs did not appeal the

court's orders on that matter.  The First Circuit has frequently invoked the principle of *expressio*

*unius est exclusio alterius* when considering whether a notice of appeal from a final judgment is

sufficient to appeal other orders preceding the judgment.  E.g., Brooks v. AIG SunAmerica Life

Assur. Co., 480 F.3d 579, 585 (1st Cir. 2007) (notice of appeal specifying appeal taken from district

court's order granting summary judgment did not place defendant-appellee on notice that appellants

were challenging Rule 12(b)(6) order six months prior to grant of summary judgment); Constructora

Andrade Gutierrez, S.A. v. Am. Int'l Ins. Co. of P.R., 467 F.3d 38, 44 (1st Cir. 2006) (appellant's

"actions bring to mind the ancient maxim, 'expressio unius est exclusio alterius'"); In re

Spookyworld, Inc., 346 F.3d 1, 6 (1st Cir. 2003) (notice of appeal from district court's order of

dismissal affirming bankruptcy court's grant of summary judgment on core bankruptcy claims

"refers *only* to the order resolving the core claim" and was insufficient to appeal from non-core

order); but see Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 122-23 (1st Cir. 2003) (reading notice

of appeal liberally to cover both parts of an order, where notice did not specify whether appeal was

taken from part of order granting preliminary injunction or part denying motion to dismiss).  See

---

[23] Specifically, the plaintiffs appealed the court's rulings in Docket Nos. 186, 190, 207, 214, 218, 226, 237, 254, 255, 264, 266, and 267.  (Id., Docket No. 270).

In Re: Miguel A. Cuadros-Pesquera, Esq.                                    Page 24
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

generally Fed. R. App. P. 3(c)(1)(B); 16A Charles Alan Wright, Arthur R. Miller, and Edward H.

Cooper, Federal Practice and Procedure § 3949.4 (3d ed. 1999). I therefore find it appropriate to

consider at this time the district court's orders pertaining to discovery issues and/or sanctions which

were not specifically mentioned in the plaintiffs' Notice of Appeal.[24]

The Complainant alleges that the Respondent's discovery conduct was frivolous and shows

a lack of requisite legal knowledge, skill, and preparation, including ignorance of the requirements

of Rule 26 of the Federal Rules of Civil Procedure. (Docket No. 10). Violation of the Federal Rules

of Civil Procedure can constitute lack of competence under Model Rule 1.1, as can ignorance of the

local rules of court. E.g., In re Alexander, 513 A.2d 781 (D.C. 1986) (lawyer drafted "seriously

defective" complaint that violated Federal Rule of Civil Procedure 8(a)(2)); In re Dempsey, 632 F.

Supp. 908, 910 (N.D. Cal. 1986) (lawyer failed to notice motions in accordance with local rules).

Here, as noted by the court, the plaintiffs were compelled to supplement their written

---

[24] As required in an attorney disciplinary proceeding in this district, see Romero-Barceló, 275 F. Supp. 2d at 192, "clear and convincing" evidence is "evidence which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." Cruzan by Cruzan v. Dir., Mo. Dep't of Health, 497 U.S. 261, 285 n.11 (1990) (internal citation and quotation omitted). While the fee order has been vacated, the order relied on the court's earlier orders on the defendants' motions pertaining to written discovery. (Civil No. 09-1151, Docket Nos. 101, 102, 154, 178, 223, 227, 230, 249). Since those docket entries are not subject to the plaintiffs' pending appeal, I have considered them and find that they contain sufficient evidence of the Respondent's discovery conduct to support my ethics analysis of that conduct infra, regardless of whether a vacated order can constitute "clear and convincing evidence" under the standard employed in this district. (See, e.g., id., Docket Nos. 102 (ordering discovery responses and threatening sanctions for failure to comply; 178, p. 2 (ordering production of medical insurance records under Rule 26(b)(1) after defendants argued Rodríguez withheld such information); 230, p. 3 (plaintiffs omitted certain requested information "even though their responses were provided under oath. The Court will not tolerate such behavior."); 249, p. 4 ("Hiding information from the Court and other parties goes against the spirit of the Federal Rules of Civil Procedure")). However, I will cite to the vacated order as it provides a convenient summary of the various motions and orders it cites.

In Re: Miguel A. Cuadros-Pesquera, Esq.                                                    Page 25
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

discovery responses after their original disclosures "f[e]ll short of what is required by the Federal

Rules of Civil Procedure." The court found the plaintiffs violated their "clear duty" to provide the

requested information and that their conduct "directly contradicts the goals of the Federal Rules of

Civil Procedure," and accordingly found the defendants entitled to attorneys' fees. (Civil No. 09-

1151, Docket No. 278, p. 5-9 (citing id., Docket Nos. 102, 178, 230, 249).

       In light of these findings by the presiding judge and the orders in the docket on which they

are based, I find there is clear and convincing evidence that the Respondent violated his duty of

competence under Model Rule 1.1. He created needless litigation by improperly withholding

discovery in violation of the federal rules, ultimately leading to a finding that attorneys' fees were

warranted (though none have been imposed on the plaintiffs yet due to the vacation of the fee order).

In addition, the court's orders finding that the plaintiffs improperly withheld information requested

by the defendants also constitutes sufficient proof that the Respondent violated Model Rule 3.4(d),

which prohibits a lawyer in pretrial procedure from "fail[ing] to make a reasonably diligent effort

to comply with a legally proper discovery request by an opposing party." M.R.P.C. 3.4(d).[25]

       **B.     Rodríguez II**

       The Complainant alleges that in Rodríguez II, the Respondent and Meléndez engaged in

frivolous and vexatious conduct regarding electronic discovery, treated opposing counsel with

disrespect, never provided certain discovery disclosures despite the court's order, disregarded the

court's admonition to notify the defendants' counsel of all third-party subpoenas (which became the

---

       [25] As noted, I will not consider the filing of the plaintiffs' motions to compel electronic
discovery. Therefore, I make no recommendations regarding any violation of Model Rule 3.1, under
which a lawyer has a duty not to file frivolous motions. M.R.P.C. 3.1, Annotation (citing Va. Ethics Op.
1530 (1993)).

In Re: Miguel A. Cuadros-Pesquera, Esq.                                    Page 26
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

subject of a protective order), and then misrepresented to the court that they had so notified opposing

counsel. (Docket No. 10). The defendants' attorneys' fees motion is pending, as is the plaintiffs'

appeal to the First Circuit. (Civil No. 09-2199, Docket Nos. 128, 129).

The court struck several paragraphs from the plaintiffs' proposed case management

memorandum (signed by both the Respondent and Meléndez and filed by the latter) for "failure to

comply in good faith with the case management order . . . and Federal Rule of Civil Procedure

26(f)." (Id., Docket No. 45, p. 1-2). Citing noncompliance with Local Rule 26(b), the court also

denied two Rule 37 motions to compel electronic discovery that the plaintiffs had filed (both filed

with both attorneys' signatures) despite the fact that their first such motion (also signed by both

attorneys) was being held in abeyance pending the parties' scheduled meeting regarding their

discovery issues. (Id., Docket Nos. 41, 45, 47, 48, 51, 52). The Complainant also correctly notes

that the failure to notify a party of the issuance of a subpoena (as the plaintiffs allegedly did

regarding the third-party subpoenas seeking electronic discovery) violates Federal Rule of Civil

Procedure 45(b)(1), which requires notice to each party prior to service of subpoenas commanding

the production of electronically stored information. Fed. R. Civ. P. 45(b)(1).

As noted *supra*, an attorney may contravene Model Rule 1.1 by violating local court rules

and federal procedural rules. While the Respondent's noncompliance with the Federal Rules and

the local rules of this court resulted in a protective order, the denial of two motions, and the striking

of certain paragraphs from another pleading, there is no evidence that the court imposed monetary

sanctions or that the rule violations otherwise harmed the plaintiffs' case. Accordingly, I do not find

that the Respondent's violations of the federal and local rules rise to the level of a breach of Model

In Re: Miguel A. Cuadros-Pesquera, Esq.                                       Page 27
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

Rule 1.1's duty of competence. Furthermore, the protective order and the order striking the challenged paragraphs are among the orders now on appeal before the First Circuit. Thus, as noted above with regard to Rodríguez I, the Respondent's litigation conduct implicated in these orders is not yet ripe for disciplinary action while an appeal is pending. For this same reason, I decline to evaluate at this juncture whether the stricken "disparaging remarks" about the defendants' counsel (see Civil No. 09-2199, Docket Nos. 36; 45, p. 1-2) violated Model Rule 8.4(d), which encompasses conduct that is abusive or uncivil toward opposing counsel. See, e.g., Fla. Bar v. Martocci, 791 So.2d 1074, 1076-78 (Fla. 2001).

The court has not yet ruled on the defendants' motion for attorneys' fees as sanctions for the plaintiffs' allegedly "vexatious and wanton discovery conduct." (Civil No. 09-2199, Docket No. 128, p. 2). I therefore find it would be premature at this juncture to make findings regarding Model Rule 3.4(d), which prohibits frivolous discovery requests, with respect to the plaintiffs' multiple Rule 37 motions seeking electronic discovery. The presiding judge has greater familiarity with the Respondent's litigation conduct during the case, and to find an ethics violation before he has weighed in on that conduct risks imposing disciplinary sanctions on the Respondent that the presiding judge himself ultimately may find unwarranted. Accordingly, in deference to the presiding judge, I decline to make any recommendations at this time regarding any violation of Model Rule 3.4(d). See Local R. 83E(d).[26]

---

[26] Local Rule 83E(d) provides,

    The remedies for misconduct provided by this rule are in addition to the remedies available to individual judges under applicable law with respect to lawyers appearing before them. Misconduct of any attorney in the presence of a judge or in any manner with respect to any matter pending before the Court may be dealt with directly by the judge in charge of the matter or, at the judge's option, referred to the Chief Judge, or

In Re: Miguel A. Cuadros-Pesquera, Esq.                                          Page 28
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

With respect to the defendants' own requests for discovery, the defendants filed a motion for sanctions for the plaintiffs' alleged failure to provide a computation of damages in compliance with Rule 26(a), as well as a motion to compel alleging that the plaintiffs' written discovery responses did not comply with Rule 33(b) and that counsel had been unresponsive to the defendants' efforts to meet and confer under Rule 26. The court denied both motions as moot after it dismissed the case (in an order which was also appealed by the plaintiffs, as it covered several of the plaintiffs' motions as well). (Civil No. 09-2199, Docket Nos. 46, 77, 79, 126, 129). In the absence of an order from the court substantively addressing the plaintiffs' discovery behavior, I find that the defendants' own allegations in support of their motions are not clear and convincing evidence that the Respondent violated any Model Rule in responding to the defendants' discovery requests.

In sum, I find that the Respondent's discovery conduct in Rodríguez I violated Model Rules 1.1 and 3.4(d), but the pendency of the appeal in Rodríguez II weighs against any disciplinary action at this time regarding his alleged conduct in that case.

## II. Filing of Allegedly Frivolous Complaint in Rodríguez IV

The Complainant alleges that by filing Rodríguez IV, the Respondent violated his professional duty to file only meritorious claims and also violated his duty of candor toward the tribunal by failing to mention Rodríguez III's dismissal and allegedly "misrepresenting" the nature

_____

both.

Nothing in this rule shall limit the Court's power to punish contempt or to sanction counsel in accordance with the federal rules of procedure or the Court's inherent authority to enforce its rules and orders.

In Re: Miguel A. Cuadros-Pesquera, Esq.                                    Page 29
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

and scope of the allegations in <u>Rodríguez II</u>.[27]  (Docket Nos. 10, 16).  These allegations implicate

Model Rule 3.1, quoted *supra*, as well as Model Rules 3.3 and 8.4(c):

<u>Model Rule 3.3</u>

*(a) A lawyer shall not knowingly:*

*(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; [. . .]*

*(3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.  A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.*

*(b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.*

<u>Model Rule 8.4(c)</u>

*It is professional misconduct for a lawyer to: [. . .] (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation [. . .]*

The presiding judge in <u>Rodríguez IV</u> has stayed the proceedings until all pending appeals

have been finally adjudicated, citing *res judicata* concerns in light of <u>Rodríguez I</u>, <u>II</u>, and <u>III</u>, the

other proceedings in the Bankruptcy Court, and the Administrative Proceeding Resolution.  (Case

No. 10-2228, Docket No. 9).  <u>Rodríguez IV</u> is ongoing litigation still in its nascent stage; it would

---

[27] Contrary to the Complainant's allegations (Docket No. 16), the original and amended complaints in <u>Rodríguez IV</u> do mention <u>Rodríguez I</u>.  The Respondent co-signed only the amended complaint; the original complaint was signed by Meléndez alone.  (Civil No. 10-2228 (DRD), Docket Nos. 1, 6).

In Re: Miguel A. Cuadros-Pesquera, Esq.                                              Page 30
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

be inappropriate and premature to utilize the instant attorney discipline proceeding to weigh in on

the merits of the claims or the conduct of the Respondent in litigating the case. The viability of the

claims is emphatically a matter for the presiding judge in the case to decide. Furthermore, the

presiding judge is also in the best position to evaluate the Respondent's litigation conduct, and he

has broad power to sanction the Respondent should he find the latter's conduct falls short of the

professional standards expected by this court. See Local R. 83E(d). Indeed, the court has already

threatened sanctions for noncompliance with its order staying the case, and the Complainant herself

acknowledged the presiding judge's disciplinary power by invoking the sanctions already imposed

in other cases, several of the Model Rules, and Rule 11(b) in her emergency motion to stay. (Case

No. 10-2228, Docket Nos. 8, 9). Accordingly, in light of the inchoate state of Rodríguez IV at this

juncture and in deference to the superior position of the presiding judge to evaluate the Respondent's

litigation conduct, I do not recommend that any disciplinary action be taken against the Respondent

at this time for the pleadings he has filed or other conduct in connection with Rodríguez IV.

### III. Non-Disclosure of the **Chapter 7 Proceeding** to the Tribunal

The Complainant alleges that in Rodríguez II, the Respondent failed to disclose the Chapter

7 Proceeding to this court. The Complainant further notes that the Respondent's co-counsel

Meléndez falsely stated to the court in Rodríguez II that the Chapter 7 Proceeding had been filed

first. The Complainant's allegations against the Respondent implicate Model Rules 1.1 and 8.4,

quoted *supra*.

In the instant matter, the record establishes that the Respondent violated Model Rules 1.1 and

8.4(d) by his non-disclosure to the court in Rodríguez II of the filing of the Chapter 7 Proceeding.

In Re: Miguel A. Cuadros-Pesquera, Esq.                                                                    Page 31
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

The Respondent told me during the closed-door hearing that he was involved in Rodríguez's decision to file for bankruptcy and advised her to do so, but did not recall whether he had informed the court in Rodríguez II of the Chapter 7 Proceeding and did not recall which case had been filed first.  It is clear from the docket in the former action that he did not inform this court of the later-filed bankruptcy petition.  This non-disclosure is a clear violation of Model Rule 1.1's duty to "provide competent representation to a client" through adequate knowledge, skill, and preparation.  M.R.P.C. 1.1 & cmts. 1, 5.  Furthermore, Model Rule 8.4(d) prohibits "engag[ing] in conduct that is prejudicial to the administration of justice."  M.R.P.C. 8.4(d).  Through the non-disclosure of the Chapter 7 Proceeding, the Respondent and Meléndez prejudiced the administration of justice in Rodríguez II by "extensively litigating claims without the knowledge or participation of the plaintiff who would actually have standing to bring them."  (Docket No. 98, p. 3).

Granted, it was Meléndez's non-disclosures to the Bankruptcy Court, rather than the Respondent's non-disclosure to the Rodríguez II court, that caused the dismissal with prejudice of Rodríguez II on judicial estoppel grounds and the ultimate revocation and denial of Rodríguez's Chapter 7 discharge.  Thus the Respondent's own act of non-disclosure to this court appears not to have directly caused these adverse outcomes for the Respondent's clients, although they are now incurring further litigation costs by appealing Rodríguez II's dismissal to the First Circuit.  Regardless, the Respondent's non-disclosure to this court of the Chapter 7 Proceeding still violated Model Rules 1.1 and 8.4(d).  Additionally, as discussed *infra*, the Respondent can be held accountable for Meléndez's actions, which caused significant detriment to their clients.

In Re: Miguel A. Cuadros-Pesquera, Esq.                                                      Page 32
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

## IV. Accountability for Ethics Violations of Co-Counsel

The Complainant alleges that the Respondent is accountable for the actions of his co-counsel, Meléndez, that constituted ethics violations. (Docket No. 10). I previously found that Meléndez's non-disclosure to this court and the Bankruptcy Court of Rodríguez II and the Chapter 7 Proceeding, and Meléndez's subsequent false statement to this court about the order of filing of those cases, violated multiple Model Rules of Professional Conduct.[28] (Misc. Case No. 10-267 (JAF) (sealed)). The Complainant's allegation implicates Model Rule 5.1:

Model Rule 5.1

*(a) A partner in a law firm, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct.*
*(b) A lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.*
*(c) A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if:*
*(1) the lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved; or*
*(2) the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.*

The Complainant alleges that the Respondent is "of counsel" to the firm of Cuadros & Cuadros, of which the Respondent is presumably a partner. As evidence, she submitted correspondence in Rodríguez II sent by the Respondent on Cuadros & Cuadros firm letterhead,

---

[28] I also found Meléndez violated the same ethics rules as I now find the Respondent violated, *supra*, with respect to their discovery conduct in Rodríguez I.

In Re: Miguel A. Cuadros-Pesquera, Esq.                                              Page 33
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

which lists the Respondent without a title and Meléndez as "of counsel." (Docket No. 10 & Exh. E). It appears, therefore, that the Respondent practices in the Cuadros & Cuadros firm. When I asked the Respondent during his closed-door hearing before me to explain the nature of his professional relationship with Meléndez, the Respondent replied that they are co-counsel in the Rodríguez cases and use each other's office space when they are in each other's jurisdiction.

At the closed-door hearing, the Complainant told me that she believed the Respondent to be unaware of the true nature and extent of Meléndez's actions. As the Complainant notes, Meléndez is nearly always the one to file with the court any pleading in the Rodríguez cases, even when he and the Respondent have both signed the pleading. Meléndez and the Respondent frequently co-sign pleadings as attorneys for plaintiffs under the aegis of the Cuadros & Cuadros firm, Meléndez with his New York address, the Respondent with his Puerto Rico address. (E.g., Civil No. 09-2199, Docket No. 1, p. 18). Yet Meléndez sometimes signs pleadings alone, without using the "Cuadros & Cuadros" firm name. (E.g., Civil No. 09-1151, Docket No. 175).

In the plaintiffs' informative motion containing the false statement as to the order of filing, Meléndez filed the motion himself, assumed sole responsibility for the "oversight" of not informing the court of the Chapter 7 Proceeding, and signed the motion alone, under the Cuadros & Cuadros firm name. (Civil No. 09-2199 (FAB), Docket No. 97). In its subsequent show-cause order, the court noted that it was holding the Respondent accountable as well, since "[a]bsent exceptional circumstances, a law firm must be held jointly responsible for [a] violation committed by its partner, associate, or employee." (Id., Docket No. 98, p. 1, n.1) (citing Fed. R. Civ. P. 11(c)(1)). In the Chapter 7 Proceeding, in which the Respondent is not counsel of record, Meléndez filed the motion

In Re: Miguel A. Cuadros-Pesquera, Esq.                                                    Page 34
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

to substitute the U.S. Trustee as the real party in interest (falsely stating that Rodríguez II was

brought subsequent to the Chapter 7 Proceeding), also under his sole signature and under the

Cuadros & Cuadros firm name.  (Bankruptcy Case No. 09-10864 (BKT), Docket No. 62, p. 2, 5).

The evidence before me is not clear and convincing enough to show that under Model Rule

5.1(c)(1), the Respondent knew of and ratified Meléndez's conduct.  The Complainant herself stated

that she does not think that the Respondent is fully aware of the conduct undertaken by Meléndez,

even though both attorneys' signatures typically appear on a pleading.  I asked the Respondent

whether he informed the court in Rodríguez II of the filing of the Chapter 7 Proceeding, and he

replied that he did not recall, but that if he did, he did so in conjunction with Meléndez.  As noted,

the attorneys did not so inform the court.  And while the Respondent is apparently somehow

involved in Rodríguez's bankruptcy proceeding, he is not counsel of record.  Where an attorney does

not know of the contents of correspondence written by co-counsel and did not write the

correspondence, counsel cannot be disciplined for any impropriety in the letter. Matter of Kauffman,

471 N.Y.S. 2d 719, 720 (N.Y. App. Div. 1984).  Likewise, considering the Respondent in his role

simply as co-counsel in Rodríguez II, there is insufficient evidence that he knew of and ratified

Meléndez's conduct, either in this court or the Bankruptcy Court.

However, I find that there is clear and convincing evidence that the Respondent violated

Model Rule 5.1(c)(2), which holds partners accountable for the actions of lawyers in their firm,

provided they knew of the action but did not take remedial measures.  "The key element that must

be present for a violation [of Rule 5.1(c)(2)] to occur is knowledge that something was being done

improperly. . . . The knowledge that is necessary is . . . not only knowing an act was being done but

also knowing that the act would constitute a violation of the rules." Whelan's Case, 136 N.H. 559,

In Re: Miguel A. Cuadros-Pesquera, Esq.                                      Page 35
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

562 (N.H. 1992) (internal quotation omitted).

Here, Meléndez was clearly acting under the aegis of the firm in which the Respondent is a name partner. Moreover, Meléndez's motions which contained false statements to the respective tribunals were not the first notice that the Respondent had of Meléndez's non-disclosures to each court of the action in the other forum. Even though the Respondent told me that he did not recall whether he informed this court about the bankruptcy proceeding, the defendants in Rodríguez II moved for summary judgment based on judicial estoppel due to the non-disclosure in the bankruptcy court, and notice of that motion was sent to all parties, *i.e.*, the Respondent.[29] (Case No. 09-2199, Docket No. 87). Thus informed of the non-disclosures and their impropriety, the Respondent thereafter failed to take remedial action, and Meléndez then compounded the problem by making false statements to the two courts. I therefore find that as a partner in Cuadros & Cuadros, the Respondent was responsible for Meléndez's ethics violations under Model Rule 5.1(c)(2).

### V. Misconduct under Model Rule 8.4(a)

Finally, the Complainant alleges that the Respondent's ethics violations, as discussed above, also in themselves violate Model Rule 8.4(a):

Model Rule 8.4(a)

*It is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another [. . .]*

In a disciplinary proceeding, a finding that an attorney violated any ethics rule may be

---

[29] The motion, filed on July 2, 2010, alleges that the defendants informed the court as early as May 22, 2010 that the defendants had become aware of the bankruptcy petition. (Id., p. 1, ¶ 2). However, the Rodríguez II docket contains no filings dated May 22, 2010.

In Re: Miguel A. Cuadros-Pesquera, Esq.                                                    Page 36
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

accompanied by a finding that the lawyer thereby violated Model Rule 8.4(a).  M.R.P.C. 8.4,

Annotation (citing In re Winterburg, 41 P.3d 842 (Kan. 2002); Attorney Grievance Comm'n of Md.

v. Gallagher, 810 A.2d 996 (Md. 2002); In re Nardi's Case, 705 A.2d 1199 (N.H. 1998)).  As

outlined *supra*, the Respondent's conduct violated Model Rules 1.1, 3.4(d), 5.1(c)(2), and 8.4(d).

"As [I] have held that respondent has violated several Rules of Professional Conduct, he necessarily

violated MRPC 8.4(a) as well."  Gallagher, 810 A.2d at 710-11.

### Summary and Recommendation

To review: in Rodríguez I, the court's entry of final judgment for the defendants, its order

granting them summary judgment, and several evidentiary rulings relevant to this proceeding are

currently on appeal to the First Circuit.  In Rodríguez II, the defendants' motion for attorneys' fees

is pending in this court and the plaintiffs' appeal is pending in the First Circuit, covering the

dismissal of the case with prejudice on summary judgment and several orders involving the

Respondent's litigation conduct implicated in this proceeding.   Pending in this court is the

Bankruptcy Appeal from the Bankruptcy Court's order in Rodríguez III granting summary judgment

to the defendants and imposing attorneys' fees as sanctions.  Finally, this court has stayed the

proceedings in Rodríguez IV.

Given these cases' current procedural status, I conclude that, in the interests of prudence,

discretion, and deference to the presiding judges and the court of appeals in the respective cases,

certain litigation conduct by the Respondent is unripe for consideration as an attorney discipline

matter at this time.  As explained above, the ethics charges pertaining to that conduct typically

implicate lower court rulings on the merits of the respective cases or other rulings that are currently

on appeal.  Disciplinary sanctions for that conduct are therefore inappropriate until all pending

In Re: Miguel A. Cuadros-Pesquera, Esq.                                          Page 37
Misc. No. 10-268 (JAF)
**REPORT AND RECOMMENDATION**

appeals have been finally resolved.

In addition, I am mindful that a court must cast a skeptical eye upon an attorney's accusations of ethics violations by opposing counsel in active litigation, out of concern for the misuse of the attorney disciplinary process as a form of collateral litigation. Nevertheless, my factual findings, which are limited *only* to matters that are clear from the evidentiary record and the dockets in the respective cases, demonstrate that the Respondent did violate certain ethics rules.

As discussed above, the record provides clear and convincing evidence that in his representation of the plaintiffs in Civil Case Nos. 09-1151 (JP) and 09-2199 (FAB), the Respondent breached his duties of competence, of fairness to opposing party and counsel, and as a partner, and committed misconduct by engaging in conduct that was prejudicial to the administration of justice and violated the Rules of Professional Conduct. The Respondent has not submitted any evidence to rebut these findings, notwithstanding the opportunity to do so afforded by this court.

Having considered the evidence before me, I recommend to the court that attorney Miguel A. Cuadros-Pesquera be publicly reprimanded, without prejudice to the imposition of further sanctions upon the resolution of the pending appeals. Any objections to this report and recommendation must be filed with the Court within fourteen (14) days upon notice of the same. Local R. 83E(b).

In San Juan, Puerto Rico, this 31st day of May, 2011.


*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge